## LEWIS, AS ADMINISTRATRIX, v. ENGLAND, AS ADMINISTRATRIX.

APPEAL AND ERROR—COSTS—TRANSCRIPT OF THE EVIDENCE.

1. The object of the provision in Section 4266, Revised Statutes of 1899 that there shall be taxed as a part of the costs recoverable by a plaintiff in error upon the reversal of the judgment, the cost of making the transcript of the evidence in the case, is the securing to a plaintiff in error in case of reversal his costs incurred, in the respect stated, in making up a record for a review in the Supreme Court of the judgment or final order complained of, which costs will usually be incurred in the preparation of the bill of exceptions.

2. Generally, where the fact is made to appear that the transcript of the evidence was procured by the plaintiff in error for the purpose of incorporating it in the bill of exceptions, without which the points raised on error would

not be entitled to consideration, and the bill containing such transcript is properly brought into the record, the cost of making the transcript will be taxable as part of the costs, under Section 4266, Revised Statutes of 1899, in case of a reversal of the judgment, except as to such part, if any, of such cost which may clearly appear to have been unnecessary.

3. It appearing that the evidence had been taken and transcribed by a special master commissioner appointed by the court below for that purpose, and returned to such court before hearing and judgment as a part of the commissioner's report, upon which the cause was heard and determined, and that the expense thereof was paid to the commissioner by the parties as ordered by the court below, and was taxed as costs in the case in that court, and it not appearing that any other transcription of the evidence had been made for incorporation in the bill of exceptions. *Held,* that it was deducible from the record that the transcript in the bill was that made and filed by the commissioner, and that the cost thereof did not come within the provision of Section 4266, and was not therefore taxable as costs in the Supreme Court upon reversal of the judgment.

[Decided June 12, 1906.]                      (85 Pac., 1049.)

ON motion to retax costs.

*W. R. Stoll,* for the motion.

*N. R. Greenfield, Contra.*

That the cost of making transcript of the evidence, when properly certified and presented, is taxable against the losing party, under Section 4266, Rev. Stat., is not disputed. But here there is no certificate or statement of costs so incurred. All the expense of the transcript in this case was included in the charges of the special commissioner appointed to take the evidence, and was paid by the parties direct to the commissioner, before the hearing in the District Court; and each party was ordered by that court to pay one-half the costs. Under these circumstances the cost of the transcript is not again taxable. All costs, such as those here involved, must be supported by affidavit, with

the items enumerated, where they do not otherwise appear of record. (5 Ency. Pl. & Pr., 242; 11 Cyc., 156.) Costs of former trial abide the event of the suit in case of reversal and remanding for new trial. Having once been taxed the costs are not again taxable. (Albee v. Albee, 141 Ill., 550.)

POTTER, CHIEF JUSTICE.

The judgment of the District Court in this cause was reversed on error, and remanded for new trial. (82 Pac., 869.) Counsel for plaintiff in error has filed a motion for the retaxation of costs in this court, by which it is sought to have taxed as costs in favor of the plaintiff in error the cost of making a transcript of the evidence in the case, pursuant to the provisions of Section 4266, Revised Statutes of 1899. That section provides that when a judgment or final order is reversed the plaintiff in error shall recover his costs ; and that there shall be taxed as a part of such costs the cost of making the transcript of the evidence in the case, which is to be computed at the rate allowed by law for making such transcript.

Our attention is called to the fact which was disclosed by the record that the evidence in the case had been taken before a special master commissioner to whom the cause had been referred for that purpose, and it is shown by the affi-davit of counsel for defendant in error, which is not controverted, that the commissioner took and transcribed all the evidence, and that the cost thereof was paid to such commissioner by the parties, by order of the court below, and the same was taxed as costs in the case in that court. And it does not seem to be disputed that such evidence was transcribed and returned to the court below before hearing and judgment, and that at the time of judgment the transcription of the evidence was among the papers filed in the case as a part of the commissioner's report. The cause was heard and determined in the District Court upon the report of the commissioner in connection with such evidence.

It does not appear that any subsequent or other transcription of the evidence was made for incorporation in

the bill of exceptions, but it is claimed on the contrary 'that all the costs of the transcript appearing in the bill were included in the commissioner's charges; and, there being no different showing, we think it is fairly deducible from the record that the transcript of the evidence contained in the bill of exceptions is that which was made and filed with the District Court by the commissioner.

The object of the provision contained in Section 4266, as to the cost of making a transcript of the evidence, is, in our opinion, the securing to a plaintiff in error in case of reversal his costs incurred, in the respect stated, in making up a record for a review in this court of the judgment or final order complained of. The cost of transcribing the evidence will usually be incurred in the preparation of the bill of exceptions, as the statute now provides that the original papers, necessarily inclusive of the bill if there be such a paper in the case, shall be sent to this court, instead of a transcript thereof; and before the enactment of the existing statute, it was permissible to bring the original bill here as part of the record if so desired. And it may be said generally that where the fact is made to appear that the transcript of the evidence was procured by the plaintiff in error for the purpose of incorporating it in the bill of exceptions, without which the points raised would not be entitled to consideration, and the bill containing such transcript is properly brought into the record in this court, the cost of making the transcript will be taxable as part of the costs, under Section 4266, in the case of a reversal of the judgment, except as to such part, if any, of the cost thereof which may clearly appear to have been unnecessary.

In this case, however, the plaintiff in error was not put to the expense of obtaining a transcript of the evidence in order to prepare her bill of exceptions. It had been transcribed and filed as a necessary part of the commissioner's report, and the expense thereof was taxed as costs in the court below; and it is claimed by counsel for defendant in error, that the latter has already paid one-half of that ex-

pense. The cost of the transcript in this case, therefore, does not come within the provisions of Section 4266, as we understand its object and meaning. It is within the power and province of the District Court to make the proper order adjusting the ultimate liability of the parties for the expense of the transcript, as such expense was included in the commissioner's charges, and properly so, and is entered as part of the costs in that court.

Upon the grounds stated, the motion to retax costs will be denied.

BEARD, J., and SCOTT, J., concur.