ELIZA R. P. CHRISTIAN, AN INCOMPETENT PERSON, BY HERMAN V. VON HOLT, HER GUARDIAN, *v.* WAIALUA AGRICULTURAL COMPANY, LIMITED, AN HAWAIIAN CORPORATION, AND JAMES L. HOLT.

No. 1920.

ARGUED JUNE 15, 20, 22, 1931.                DECIDED JUNE 26, 1931.

PERRY, C. J., BANKS AND PARSONS, JJ.·

OPINION OF THE COURT BY PERRY, C. J.

Upon the appeal of the Waialua Agricultural Company, Limited, to this court from the decree of the circuit judge the decree below was affirmed in one important respect and reversed in another important respect. The appellant thereupon presented a bill of costs, with eleven items aggregating $2791.44. Taxation of any costs in favor of the appellant was resisted by the appellee on the ground that the appellant was not the "prevailing party" in this court. Construing our statute (§2552, R. L. 1925) and following an earlier decision of this court, it was held that the appellant was entitled to costs of appeal. *Ante* p. 30. In that contest over the right to costs no

68

question was raised by the appellee as to the correctness of any one of the eleven items charged in the bill. We said, in the opinion filed on the subject: "There is no dispute regarding the items which comprise this amount," i. e., the total bill of costs. Later, however, the appellee presented a motion "to retax the costs * * * with respect to the item * * * representing the transcript of testimony * * * upon the ground that the proper and legal charge for said transcript is the sum of $709.20," instead of the sum of $2044.89 charged in the bill.

At the hearing upon the motion to retax, evidence was adduced tending to show, as it is claimed by the appellee, that in the bills rendered to the appellant (and paid by it) by the reporters of the circuit court for making the transcript of testimony the reporters disregarded the terms of the statute regulating and limiting the charges in such cases and charged for their services at substantially higher rates than are permitted by statute. This question it will be unnecessary to pass upon.

The trial of the main suit in the circuit court extended over many days. Claims relating to lands of large value and to damages in large amounts were involved. It was by both parties deemed essential, in opening the trial, that transcripts of the testimony adduced from day to day should be prepared and furnished daily to the presiding judge and to each of the parties and it was stipulated in open court that one original and two carbon copies of the transcript should be so prepared and furnished. It was further made a part of the same stipulation that, in the language used, "each of us" (is) "to pay for our own carbon copy and that the original be taxed as costs." This language was clear and unambiguous. The intent and undertaking of both parties was that each one should pay for his own carbon copy and that the cost of each such copy should not be taxed as costs in the case at any

time. Their intent and undertaking further was that the cost of the original, which was to be furnished from day to day to the presiding judge for his use in studying the issues and in preparing his decision, should be taxed as costs. This meant, we have no doubt, that it should be taxed as costs of the trial in the circuit court, irrespective of whether there should be an appeal to this court. It may be that in entering into the stipulation the parties had in mind the possibility of an appeal and the fact that the original could also be used on the appeal. But the immediate occasion for the original transcript was the need of it for the purposes of the trial judge and the main purpose in ordering it was that the work of the presiding judge should be thus facilitated. In our opinion the cost of the original transcript was and is properly chargeable as costs of the trial court.

The transcript which was brought to this court in connection with the appeal is the same original transcript which was prepared for and used by the trial judge and the cost of which is properly taxable as a part of the costs of the lower court. There was no further expense to the appellant in bringing that transcript to this court. It cannot recover its cost as a part of the costs on appeal. Whether it will recover its cost as a part of the costs in the trial court must depend upon the ultimate result in the case and upon the ultimate decision as to how the subject of costs shall be treated. The item in the bill of costs relating to the transcript is wholly disallowed. Under similar circumstances a charge for a transcript of testimony as part of the costs on appeal was disallowed in *Lewis* v. *England,* 14 Wyo. 540.

Since the date of the former decision on the subject, the costs of this court, as shown by the clerk's docket, have increased from $107.85 to $113.90. The costs in favor of the appellant are retaxed in the corrected sum

of $752.60.

The appellant asks that for the costs now awarded execution issue at once. This we think cannot properly be granted. The Waialua Agricultural Company has announced its intention to appeal from the decision of this court to the United States circuit court of appeals for the ninth circuit and in pursuance of that intention has asked the trial judge for a stay of all proceedings in that court pending the appeal. We have stated to counsel that upon the appeal papers being presented to us in apparent due form the appeal will be allowed and the citation issued, without respect to any doubts that may exist as to the appealability at this time of our decision and order,—this upon the theory that it is the appellate court which should determine its own jurisdiction upon the attempted appeal. Upon the same reasoning we shall not undertake to say in advance what the extent of that appellate jurisdiction will be and whether that court has the power to reverse, either upon this prospective appeal of the respondent or upon some later cross-appeal of the complainant, the ruling of this court to the effect that the Waialua Agricultural Company was the prevailing party upon the appeal from the circuit court to this court and the ruling of this court, in this opinion contained, as to the items properly chargeable as costs of appeal; or whether the appellate court has the power, with or without a cross-appeal by the complainant, to reverse our ruling setting aside the award made on the subject of damages or rents by the trial court. Execution should not issue while these possibilities of reversal, in whole or in part, exist.

*B. S. Ulrich* and *C. M. Hite* (*Ulrich & Hite* on the brief) for the motion.

*J. G. Anthony* (*Robertson & Castle* on the briefs) contra.